IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARY J. KANDEL,

        Plaintiff,

v.                                                              Civil Action No. 2:04CV71

JO ANNE BARNHART,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION THAT AN AWARD OF ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED

### I. Introduction

A.     Background

Plaintiff, Mary J. Kandel (Claimant), filed her application for an Award of Attorneys' Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (2000), (EAJA), on April 21, 2006.[1] Commissioner filed her response to Claimant's application for Attorneys' Fees on May 2, 2006.[2] Plaintiff filed her Brief in Reply to Defendant's Brief in Opposition to Plaintiff's Petition for Fees under the Equal Access to Justice Act on June 6, 2006.[3] A motion hearing was held before this Court on July 24, 2006.

B.     The Motion

Plaintiff's Application for Attorneys' Fees under EAJA.[4]

---

[1] Doc. No. 23.

[2] Doc. No. 24.

[3] Doc. No. 27.

[4] Doc. No. 23.

C.   Recommendation

I recommend that Claimant's Application for Attorney's Fees be DENIED because the Government's position was substantially justified in law and fact, where the Government relied on an arguably defensible record. In the alternative, should the District Court decide that Claimant is eligible for attorneys' fees under EAJA, I find Claimant's Application for Attorneys' Fees under EAJA in the sum of $1213.68 would be reasonable.

## II. Facts

Plaintiff, Mary J. Kandel, (Claimant), filed her Complaint on September 29, 2004, seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[5] Commissioner filed her Answer on January 6, 2005.[6] Claimant filed her Motion for Summary Judgment on April 5, 2005.[7] Commissioner filed her Motion for Summary Judgment on May 2, 2005.[8] I entered a report on January 9, 2006, recommending that the action be remanded to the Commissioner to explain why Claimant did not meet or equal the requirements of a listed impairment.[9] On March 22, 2006 the District Court entered an Order Affirming and Adopting Proposed Findings and Recommendation for Disposition of the Report and Recommendation and remanded the case to Commissioner.[10]

---

[5] Docket No. 1.

[6] Docket No. 8.

[7] Docket No. 11.

[8] Docket No. 13.

[9] Docket No. 17.

[10] Doc. No. 21.

## III. The Motion

A.   Contentions of the Parties

Claimant contends that the Court should award attorneys' fees because the Court remanded the case to the Commissioner to explain why Claimant did not meet or equal the requirements of a listed impairment. Claimant contends that the ALJ did not follow established rules in a well settled area of the law.

Commissioner contends that her position in opposing an award of benefits was substantially justified. Specifically, Commissioner maintains that the ALJ properly found there was no objective evidence that Plaintiff met or equaled any of the listed impairments.

B.   The Standards

1.   EAJA Fees to Prevailing Party. Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

2.   General Eligibility Requirements. In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991)

3.   Substantially Justified - Definition. Substantially justified means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified. Pierce v. Underwood, 487 U.S. 552, 565-69

(1988). The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits. Crawford v. Sullivan, 935 F.2d 655, 657 (4th Cir. 1991). Substantially justified requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

4. Substantially Justified - Burden of Proof. In the district court, the government has the burden of showing substantial justification. Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988).

5. Substantially Justified - Independent Determination by the Court. While the burden of showing substantial justification is on the government, a district court may find that the record before it demonstrates that substantial justification exists for a litigation position. Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986).

6. Substantially Justified - Law and Fact. The government's position must be substantially justified in both fact and law. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). An accurate recital of law by the Government cannot excuse a substantially unjustified position on the facts. Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the Government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. Substantially Justified - Disputed Facts. Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992).

8. Substantially Justified- Arguably Defensible Administrative Record. A position

based on an arguably defensible administrative record is substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified. Sigman v. U.S. Dep't. of Health and Human Services, 961 F.2d 211 (4th Cir. 1992 ) (unpublished)[11].

9. Substantially Justified - Government Ignores the Law. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. Id. at 382. A policy of non-acquiescence cannot be substantially justified. Thompson v. Sullivan, 980 F.2d 280, 283 (4th Cir. 1992).

10. No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded. The Secretary is not automatically liable for attorney's fees every time she loses a case. Crawford v. Sullivan, 935 F.2d 655, 657 (4th Cir. 1991). There is no "presumption that the government position was not substantially justified, simply because it lost the case." Id. (citing Tyler Business Services, Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and the Secretary ultimately reverses its original position, the government can still demonstrate that its original position was substantially justified. Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

11. Substantial Justification versus Substantial Evidence. The substantial justification

---

[11] This Court recognizes that the Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991). Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished). While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." Id.

12. Final Judgment - Timely Filing of Application. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

14. Final Judgment - Prevailing Party - Generally. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

15. Final Judgment - Sentence Four Remand - When the Filing Period Begins. The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is 60 days. Fed. R. App. P. 4.

16. Final Judgment - Sentence Four Remand - Formal Judgment. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment

6

under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).

17. Discretion to Award Attorneys' Fees. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. Pierce v. Underwood, 487 U.S. 552 (1988). The amount of attorney's fees is within the discretion of the district court. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

C. Discussion

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

### 1. Prevailing Party

### 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the District Court she succeeded on a significant issue in the litigation which achieved some of the benefit she sought in bringing the suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

### 2. Timely Filing

On March 22, 2006, the District Court denied both Claimant's and Commissioner's Motions for Summary Judgment and remanded the claim to the ALJ. Claimant filed her Application for Attorneys' Fees on April 21, 2006 along with an itemized statement detailing counsel's work.

7

Claimant's Application for Attorney's Fees was filed within thirty days after the period for appealing the judgment had run; therefore the motion was timely filed.

### 3. Substantial Justification

The issue here is whether Commissioner's position in opposing the awarding of benefits was substantially justified. In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658. Commissioner maintains that she relied on a defensible administrative record in this case and I agree.

A party who prevails in litigation against the United States is entitled to attorneys' fees under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The government can defeat a claim for attorney's fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Administrative agencies must 'follow the law of the circuit whose courts have jurisdiction over the cause of action.'" Id. (quoting Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986)). Also, "the government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney fees." Id.

Claimant's appeal raised several issues as to why she believed the ALJ had erred in denying her claim for benefits. The Report and Recommendation found that the ALJ ruled correctly on every issue raised by Claimant except for failing to sufficiently explain why she did not meet or equal the requirements of a listed impairment. The District Court agreed with the Report and Recommendation and remanded the case for the sole reason that the ALJ failed to explain why Claimant did not meet or equal the requirements of a listed impairment. The District Court also

8

agreed with the Report and Recommendation that the ALJ's decision on the other four issues was supported by substantial evidence.

Specifically, this Court found, and the District Court agreed, that the ALJ correctly determined that the ALJ has sufficiently articulated his assessment of the evidence and did not err when he did not give controlling weight to the opinion of Dr. Sakaili. Additionally, although he did recognize fibromyalgia as an impairment, the ALJ properly determined it was not disabling.

Furthermore, the ALJ's hypothetical to the vocational expert properly incorporated Claimant's limitations that are supported by the record. In this regard, the ALJ specifically noted that he did not accept the VE's testimony that a person who had to lie down for one hour in the morning and afternoon, would be absent three days a month or had severe stress intolerance could not perform any jobs on a sustained basis because "the hypothetical factors upon which [it is] based [is] considered to be a material exaggeration of the substantial evidence of record." (Tr. 29).

Finally, the ALJ correctly applied the two step pain analysis. The ALJ conducted a comprehensive review of the medical evidence record. (Tr. 24-27). The ALJ found that the medical record shows "a basis for a degree of pain and functional limitations related to the claimant's impairments..." and "...a basis for a degree of pain related to the claimant's osteoarthritis in her hips and fibromyalgia." (Tr. 24, 27). This satisfied the first prong of the <u>Craig</u> test. In light of the medical record, the ALJ stated that "the claimant's testimony regarding the nature and severity of her limitations is not fully credible." (Tr. 24). The ALJ concluded that the Claimant retains the ability to perform a range of sedentary work (Tr. 27). This satisfied the second prong of the <u>Craig</u> test. Consequently, the ALJ followed the law in his application of the established pain standard.

Given this medical evidence, the ALJ found that the Claimant was not disabled during the

relevant time frame. The ALJ's decision, on the issues other than the ALJ's failure to sufficiently explain why Claimant did not meet or equal the requirements of a listed impairment, was supported by substantial evidence. Plaintiff cites <u>Cook v. Heckler</u>, 783 f.2d 1168 (4th Cir. 1986), for the proposition that "[a]n ALJ must fully analyze whether a claimant's impairment meets of equals a listed impairment 'where there is factual support that a listing could be met.'" (Pl.'s Br. at 3.) The Court in <u>Cook</u>, however, remanded the case because the ALJ failed to evaluate a claimant's mental impairments in combination with her arthritis. In this case, the ALJ determined that there was no objective evidence that Claimant met or equaled any of the listed impairments. This Court finds that the ALJ's determination was reasonable in fact and, therefore, an award of EAJA fees is not warranted because Commissioner relied on an arguably defensible administrative record.

Moreover, the Fourth Circuit has held that attorneys' fees are appropriate when Commissioner's position is not substantially justified in law, when the government has a policy of not acquiescing to the law of the circuit. <u>Thompson v. Sullivan</u>, 980 F.2d 280, 283 (4th Cir. 1992). While the Government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorneys' fees, it does not appear, in this case, that Commissioner had a policy of not following circuit law. In this case, the ALJ failed to expressly explain why Claimant did not meet or equal the requirements of a listed impairment. This failure does not rise to the level of engaging in a policy of non-acquiescence to the law. There is no evidence that the ALJ has repeatedly ignored the law. Therefore, Claimant fails to meet her burden to establish that the government had a policy of non-acquiescence to the law of this Circuit.

Given that the ALJ's decision had an adequate basis in fact and that the ALJ merely made a mistake in the application of the appropriate law, the Court finds that Commissioner did rely on

an arguably defensible administrative record.

### 4. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust. Accordingly, Claimant is not eligible for attorneys' fees under EAJA.

### 5. Reasonableness as to Number of Hours

The Court finds that Claimant is not eligible for attorneys' fees under EAJA because the Government's position was substantially justified in law and fact, where the Government relied on an arguably defensible record. However, should the District Court conclude that Claimant is eligible for attorneys' fees, the undersigned finds as follows.

Claimant requests $125.00 per hour for 18.9 hours of attorneys' work and $50.00 per hour for 4.0 hours of legal assistant time. In total, Claimant requests $2,562.50 under EAJA. Commissioner opposes Claimant's request stating that some billing for legal assistant time was either inappropriate or unreasonable.

With respect to the reasonableness of the work performed by Claimant's counsel's legal assistant, the Court finds that Claimant's counsel is not entitled to recover legal assistant's fees. Therefore, Claimant's counsel is granted attorneys' fees for 7.6 hours of work.[12]

Fees are capped at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the

---

[12] Claimant's counsel's request for the following items is reduced to 5.0 hours total: (1) 4-03-05 "Started Plaintiff's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment", 2.8; (2) 4-04-05 "Worked on USDC brief", 6.3; and (3) 4-05-05 "Finished Plaintiff's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment", 6.3.

proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). This Court does recognize that an increase in the cost of living justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). See also Harris v. Sec'y, 792 F. Supp. 1014 (E.D. Va. 1991). The $125 per hour cap was incorporated as part of an amendment to EAJA on March 29, 1996. The cost of living since March 1996 to April 2006 calls for a $ 34.69 per hour increase, calculated as follows:

CPI-U April 2006 = 194.7 (Baseline 1982-84 = 100)[13]

CPI-U March 1996 = 152.4 (Baseline 1982-84 = 100)[14]

Ratio: 194.7 divided by 152.4 = 1.278 times the cap otherwise prescribed of 125 = 159.69

---

Inflation adjusted award = 159.69

Number of hours = 7.6

---

Attorney fee = $1213.68
**Total Attorneys' fee award = $1213.68**

### IV. Recommendation

Based on the forgoing, I recommend that Claimant's Application for Attorneys' Fees be DENIED because the Government's position was substantially justified in law and fact, where the Government relied on an arguably defensible record. In the alternative, should the District Court decide that Claimant is eligible for attorneys' fees under EAJA, I find Claimant's Application for Attorneys' Fees under EAJA in the sum of $1213.68 would be reasonable.

Any party who appears pro se and any counsel of record, as applicable, may, within ten

---

[13] http://data.bls.gov/cgi-bin/surveymost.

[14] http://data.bls.gov/cgi-bin/surveymost.

(10) days after this Report and Recommendation is entered, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

    The Clerk of the Court is directed to mail a copy of this Report and Recommendation to parties who appear pro se and any counsel of record, as applicable.

    DATED: August 17, 2006

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE